Craig A. Crispin, OSB No. 824852
crispin@employmentlaw-nw.com
Shelley D. Russell, OSB No. 940687
shelley@employmentlaw-nw.com
**CRISPIN EMPLOYMENT LAWYERS**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone:  503-293-5770
Fax:  503-293-5766
   Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON
### Portland Division

| | |
|---|---|
| **TYWAN RECHELL BROWN,** | Civil No. |
| Plaintiff, | **COMPLAINT** |
| | (Gender Discrimination; Race Discrimination; Retaliation; retaliation; Workers' Compensation Discrimination, Safety Complaint retaliation; injured worker reinstatement/reemployment, whistleblowing retaliation) |
| v. | |
| **ABHE & SVBODA, INC.**, a foreign business corporation, | |
| Defendant. | **JURY TRIAL REQUESTED** |

### NATURE OF THE ACTION

1.  This is an action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*., and 42 U.S.C. § 1981, to correct unlawful employment practices on the basis of race and gender, to vindicate plaintiff's rights and the rights of others to the protections of Title VII to equal treatment in the work place without regard to race or gender, and to make plaintiff whole.

2.  This is also an action for violation of the Oregon Equality Act prohibiting race

and gender discrimination in employment, ORS 659A.030(1)(a), and retaliation, ORS

659A.030(1)(f); Workers' Compensation retaliation under ORS 659A.040; safety complaint

retaliation under ORS 654.062(5); injured worker reinstatement and/or reemployment, ORS

659A.043 and .046; whistleblowing retaliation, ORS 659A.199; and aiding and abetting

discrimination under ORS 659A.030(1)(g), all pursuant to the court's supplemental jurisdiction.

### JURISDICTION AND VENUE

3.      This court has jurisdiction over the subject matter of this complaint pursuant to 28

U.S.C. § 1331.

4.      The court has jurisdiction over plaintiff's state law claims set forth in this

complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28

U.S.C. § 1367(a). Both the federal and state claims alleged herein arose from a common nucleus

of operative fact, the state action is so related to the federal claim that they form part of the same

case or controversy, and the actions would ordinarily be expected to be tried in one judicial

proceeding.

5.      The employment practices described herein are alleged to have been committed in

the District of Oregon.

### PARTIES

6.      Plaintiff **TYWAN BROWN** is a female current resident and citizen of the state of

Virginia who was employed by defendant in the state of Oregon. At all material times, she was

an employee for purposes of 42 U.S.C. § 2000e(f), 42 U.S.C. § 12111(4), and ORS 654.005(4).

7.      Defendant **ABHE & SVBODA, INC.**, ("ABHE") is a Minnesota business

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

corporation, registered to do business in the state of Oregon, engaged in the business of

industrial refurbishing projects with its principal place of business in Jordan, MN. At all material

times, defendant ABHE employed 15 or more employees within the State of Oregon and was and

is an employer within the meaning of 42 U.S.C. § 2000e(b), 42 U.S.C. § 12111(5)(A), ORS

659A.001(4), and ORS 654.005(5).

      8.     Defendant **JOE WAGNER** is a resident and citizen of the state of Oregon and

worked as a management employee for defendant ABHE as Project Manager.

      9.     Defendant Wagner acted to help, assist, or facilitate the commission of the

unlawful employment practices alleged herein, promoted the accomplishment thereof, helped in

advancing or bringing them about, or encouraging, counseling or inciting as to their commission

and is therefore individually liable under plaintiff's state statutory claims for relief as an aider

and abettor pursuant to ORS 659A.030(1)(g).

### PROCEDURAL REQUIREMENTS

      10.    Plaintiff timely filed an administrative complaint with the Oregon Bureau of

Labor and Industries, Civil Rights Division, and with the Equal Employment Opportunity

Commission, in which she alleged the violations alleged herein.

      11.    Plaintiff has timely satisfied all administrative prerequisites, if any, to the filing of

the statutory claims set forth in this complaint.

### GENERAL ALLEGATIONS

      12.    Defendant ABHE recruited Brown through a Craig's List posting to work on a

project in Oregon. Brown lived in Virginia at the time. ABHE offered Brown a position as

**CRISPIN EMPLOYMENT LAWYERS**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

"sandblaster" on the company's Ross Island Bridge refurbishment project. ABHE promised to pay Brown's moving expenses from Virginia to Oregon. Brown accepted the position in reliance on the representations made by ABHE.

13.     When Brown arrived in Portland, Oregon, ABHE paid only 25% of her moving fees. Without Brown's consent, ABHE changed the terms of hire and promised to reimburse the remainder of the expenses only after the first year of employment.

14.     When Brown began work, ABHE assigned her painter duties rather than sandblaster duties. Brown's immediate supervisor was defendant Wagner.

15.     By Thanksgiving, Brown's male co-worker, T. England, began subjecting her to regular, unwanted sexual advances, including cornering her in a shed and demanding that she perform oral sex on him as a condition of being allowed to leave the shed. On this instance, Brown threatened to contact the police, and England let her leave the shed.

16.     Brown complained to Wagner about England's conduct. Rather than maintaining confidentiality, Wagner immediately alerted England to the complaint and to the identity of the complainant. Wagner failed to caution England against retaliation. England immediately yelled at Brown and made threatening statements to her.

17.     When Brown reported England's retaliatory conduct and threatening behavior, Wagner told Brown to apologize to England, to stay on her side of the bridge, and to avoid England. Wagner told Brown it was "the best way for everyone to get along."

18.     Wagner requested that Brown put her concerns in writing. Brown complied with Wagner's request for a written statement, but once she provided it, Wagner appeared

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

disinterested. Brown believes no investigation into her complaints of sexual harassment was conducted.

19.     On or about December 8, 2016, Brown suffered a work-related injury to her hand and arm. Brown promptly reported the injury.

20.     Wagner transported Brown to the company doctor for examination. Without Brown's consent, Wagner accompanied Brown into the examination room and participated in the examination, interacting with the doctor, and interfering with Brown's reporting of the injury.

21.     For the remainder of Brown's medical appointments with the company doctor, either Wagner or ABHE's safety officer, Thurman London, accompanied Brown and sat in on the examinations. Brown felt intimidated and unable to freely express herself to the physician regarding her injuries because of Wagner and/or London's presence.

22.     Brown's treating physician placed her on light duty with restrictions. ABHE failed to honor those restrictions and required Brown to work outside of her restrictions on a regular basis. Management questioned Brown's injury and made derisive comments about it including, "there's nothing wrong with your arm."

23.     On February 2, 2017, when Brown delivered an updated medical restriction to ABHE management, one of the managers responded by saying, "I hope this is not about your finger. This is horseshit."

24.     Also on February 2, 2017, Safety Officer London called Brown into the office and demanded why Brown sought medical care without his express authorization and attendance. London then accused Brown of injuring her hand and arm with non-work activities.

Crispin Employment Lawyers
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

25.    London claimed that nothing was wrong with Brown, that her arm condition was a "new issue," and that it "had nothing to do with workers' compensation." London told Brown she would not be allowed to work until she was cleared by a physician for this "new medical condition." London's assistant, Jake Kreglo, told Brown the company would no longer pay her because she "caused this new injury by yourself." In an effort to intimidate Brown, Thurman claimed to have audio recorded a conversation with Brown while in his car; any such audio recording was done without Brown's consent or knowledge in violation of ORS 165.540.

26.    Brown has not been allowed to return to work since February 2, 2017.

27.    Brown is African American. Brown observed that when she or another African American suffered an on the job injury, ABHE representatives told them not to seek medical care or file a claim. When Hispanic employees suffered work-related injuries, they were immediately taken for medical care and given time off.

28.    ABHE allowed and condoned repeated verbal harassment in the form of racially derogatory terms directed at Brown, such as "African Monkey" and "Nigger."

29.    When work slowed for ABHE, the African American employees, including Brown, among the first to have their shifts cut and were among the last to be called in when work was available.

30.    Brown complained to ABHE management about the racially disparate treatment, but her concerns were ignored.

31.    In or about January 2017, Brown lodged an anonymous complaint about safety issues with OR-OSHA, resulting in an inspection of ABHE's workplace. On February 2, 2017,

Crispin Employment Lawyers
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

while terminating Brown, management accused her of making the OR-OSHA complaint that

resulted in the inspection.

32.     ABHE management admitted that Brown was terminated because she had a

workplace injury and she created chaos in the company.

33.     Brown's complaints to ABHE constituted protected complaints about violations

of state or federal law, rule or regulation.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT ABHE

### (42 U.S.C. § 2000e-3(a) - Retaliation)

34.     Brown incorporates paragraphs 1 through 33 as though fully set forth herein.

35.     Brown made several complaints of sexual harassment, sex and/or race

discrimination, and retaliation as alleged above. Brown's complaints are protected opposition to

discrimination under state and federal law.

36.     Because of Brown's protected opposition, defendant and its agents engaged in

conduct that would dissuade a reasonable worker from making or supporting a charge of

discrimination. Specifically, defendant and its agents told Brown to stay on her side of the bridge

and avoid her harasser, accused her of engaging in sexually offensive conduct, allowed Brown to

continue to be threatened and harassed by her co-worker, forced Brown to apologize to the

harassing co-worker, ignored Brown's reports of race discrimination, and terminated Brown's

employment.

37.     As a result of the unlawful actions alleged herein, Brown has suffered economic

damages. Brown is entitled to recover her lost wages and benefits of employment and other

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

economic losses, in such amount as may be established at trial.

38.     Brown is entitled to be reinstated to her position, or if reinstatement is not feasible awarded an appropriate amount in lost future wages and lost earning capacity in an amount to be determined at trial.

39.     As a further result of defendant's actions alleged herein, Brown has suffered non-economic damages, including emotional and mental harm, for which she should be compensated in an amount found to be appropriate by a jury based on the evidence presented at trial.

40.     Brown is entitled to a declaration that defendant acted in violation of the statute set forth in this claim for relief and injunctive relief enjoining defendant from future violations of the statutes set forth herein, on such terms as the court may direct.

41.     The conduct alleged herein was an intentional violation of, or in reckless disregard for, Brown's federally protected rights. Such conduct exceeds the bounds of social toleration and is of a sort that would be deterred by an assessment against defendants of punitive damages in such amount as may be assessed by a jury based on the evidence presented at trial to punish defendant and deter it and others from similar action in the future.

42.     Brown is entitled to an award of reasonable attorney fees and costs, and expert witness fees incurred herein, pursuant to 42 U.S.C. §2000e-5(k).

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT ABHE

### (42 U.S.C. §2000e-2(a)(1) - Gender Discrimination)

43.     Brown incorporates paragraphs 1 through 42 as though fully set forth herein.

44.     ABHE acted against Brown as alleged herein under circumstances in which it did

Crispin Employment Lawyers
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

not and would not have acted similarly as against comparable male employees.

45.     ABHE's actions as alleged herein are discriminatory in the terms and conditions of Brown's employment based on sex/gender.

46.     ABHE's discriminatory actions as alleged herein were in violation of 42 U.S.C. § 2000e-2(a).

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT ABHE

### (42 U.S.C. § 1981; 42 U.S.C. § 2000e-2(a)(1) - Race Discrimination)

47.     Brown incorporates paragraphs 1 through 42 as though fully set forth herein.

48.     ABHE acted against Brown as alleged herein under circumstances in which it did not and would not have acted similarly against comparable non-African-American employees.

49.     ABHE's actions as alleged herein are discriminatory in the terms and conditions of Brown's employment, and in her termination, based on race.

50.     ABHE's actions as alleged herein were in violation of 42 U.S.C. § 1981 and 42 U.S.C. §2000e-2(a)(1).

51.     Brown is entitled to an award of reasonable attorney fees and costs, and expert witness fees incurred herein, pursuant to 42 U.S.C. § 1988.

## FOURTH CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS

### (ORS 659A.030(1)(f) - Retaliation)

52.     Brown incorporates paragraphs 1 through 41 as though fully set forth herein.

53.     Brown's complaints of sexual harassment and a hostile work environment based on her gender and/or race were substantial motivating factors in the decision to suspend her

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

employment and terminate her employment in violation of ORS 659A.030(1)(f).

54.    Defendant Wagner acted to help, assist, or facilitate the commission of the unlawful employment practices alleged herein, promoted the accomplishment thereof, helped in advancing or bringing them about or in encouraging, counseling or inciting as to their commission and is therefore individually liable to plaintiff's state statutory claims for relief as an aider and abettor pursuant to ORS 659A.030(1)(g).

55.    Defendants acted intentionally with an improper and abusive motive and with malice. The acts as described herein were in reckless disregard of defendant's societal obligations, and committed with conscious indifference to the health, safety, and welfare of plaintiff. Defendants should be assessed punitive damages in an amount found appropriate by a jury to punish defendants and to deter defendants and others from similar conduct in the future.

56.    Brown is entitled to recover her reasonable attorneys' fees and costs incurred herein, pursuant to ORS 659A.885 and/or ORS 20.107.

## FIFTH CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS

### (ORS 659A.030(1) - Race Discrimination)

57.    Brown incorporates paragraphs 1 through 41, 48, 49, 55, and 56 as though fully set forth herein.

58.    ABHE's actions as alleged herein were because of Brown's race in violation of ORS 659A.030(1).

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

**SIXTH CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS**

(ORS 659A.030(1) - Gender Discrimination)

59.     Brown incorporates paragraphs 1 through 41, 44, 45, and 53 through 56 as though fully set forth herein.

60.     ABHE's actions as alleged herein were because of Brown's gender in violation of ORS 659A.030(1).

**SEVENTH CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS**

(ORS 654.062(5) - Safety Complaint Retaliation)

61.     Brown incorporates paragraphs 1 through 33, 37 through 40, 55, and 56 as though fully set forth herein.

62.     Brown made several good faith complaints and reports, as alleged herein, related to the safe and healthful working conditions of her workplace, including the physical security of staff and employees.

63.     As a result of Brown's good faith complaints of and reports relating to workplace safety, defendants retaliated against Brown by taking adverse employment actions against her, including suspending her employment and terminating her employment.

64.     Brown's complaints related to workplace safety were a substantial motivating factor in defendants' decisions to suspend Brown and terminate her employment.

65.     Brown is entitled to recover her reasonable attorneys' fees and costs incurred herein, pursuant to ORS 654.062(6)(d).

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

**EIGHTH CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS**

(ORS 659A.199 - Whistleblowing)

66.     Brown incorporates paragraphs 1 through 33, 37 through 40, 55, and 56 as though fully set forth herein.

67.     Brown made several good faith complaints of what she reasonably and subjectively believed was a violation of state or federal laws, rules, or regulations concerning gender discrimination and retaliation as alleged above. Brown's complaints of gender and/or race discrimination and retaliation are protected activities under state law.

68.     Brown made several good faith complaints of what she reasonably and subjectively believed was a violation of state or federal laws, rules, or regulations concerning discrimination, invasion of privacy, workplace safety, and workplace security, specifically, as alleged above. Brown's complaints regarding safety and security protocol are protected activities under state law.

69.     As a result of Brown's good faith complaints of what she reasonably believed to be violations of state or federal laws, rules or regulations, defendants retaliated against her as alleged herein.

**NINTH CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS**

(ORS 659A.040 - Workers Compensation Discrimination)

70.     Brown incorporates paragraphs 1 through 33, 37 through 40, 55, and 56 as though fully set forth herein.

71.     ABHE's actions as alleged herein were because Brown exercised her rights under

Crispin Employment Lawyers
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

the workers' compensations system.

72.     ABHE's actions as alleged herein were in violation of ORS 659A.040.

## TENTH CLAIM FOR RELIEF AGAINST ABHE

### (ORS 659A.043 - Failure to Reinstate)

73.     Brown incorporates paragraphs 1 through 33, 37 through 40, 55, and 56 as though fully set forth herein.

74.     ABHE failed to reinstate Brown to her job upon Brown's release to return to work.

75.     ABHE's actions as alleged herein were in violation of ORS 659A.043.

## ELEVENTH CLAIM FOR RELIEF AGAINST ABHE

### (ORS 659A.046 - Failure to Reemploy)

76.     Brown incorporates paragraphs 1 through 33, 37 through 40, 55, and 56 as though fully set forth herein.

77.     ABHE failed to re-employ Brown in an available and suitable position upon receipt of Brown's physician's release to return to work, where Brown was not released to return to her previous position, but was qualified for other available and suitable work.

78.     ABHE's actions as alleged herein were in violation of ORS 659A.046.

## PRAYER FOR RELIEF

WHEREFORE, Brown requests the Court to:

1.     Declare defendants in violation of the statutes set forth in plaintiff's claims for relief;

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770

2.      Award plaintiff compensation for her lost past wages and benefits of employment and lost earning capacity and future earnings and benefits;

3.      Order defendants to make plaintiff whole by providing compensation for non-economic losses in amounts as are awarded by the court or a jury;

4.      Assess punitive damages against defendants in such amounts as are found appropriate by a jury;

5.      Award plaintiff her costs of suit and reasonable attorney fees, costs, and expert witness fees;

6.      Order defendants to pay prejudgment interest and post-judgment interest on all amounts due to plaintiff as a result of this action, with interest at the prevailing rate; and

7.      Order such further or alternative relief in favor of plaintiff as the court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law an fact raised by this complaint.

### CRISPIN EMPLOYMENT LAWYERS

By:   /s/Craig A. Crispin
        Craig A. Crispin, OSB No. 824852
        crispin@employmentlaw-nw.com
        Shelley D. Russell, OSB No. 940687
        shelley@employmentlaw-nw.com
        Of Attorneys for Plaintiff

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770